NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**CLICK-TO-CALL TECHNOLOGIES, LP,**
*Appellant*

**v.**

**ORACLE CORPORATION, ORACLE OTC SUBSIDIARY, LLC, INGENIO, INC., YELLOWPAGES.COM, LLC,**
*Appellees*

---

2015-1242

---

Appeal from the United States Patent and Trademark Office, Patent Trial and Appeal Board in No. IPR2013-00312.

---

Decided: November 12, 2015

---

PETER J. AYERS, Lee & Hayes, PLLC, Austin, TX, for appellant. Also represented by REID G. JOHNSON, Spokane, WA.

MARK D. FOWLER, DLA Piper US LLP, East Palo Alto, CA, for appellees Oracle Corporation, Oracle OTC Subsidiary, LLC. Also represented by STANLEY JOSEPH

PANIKOWSKI, III, San Diego, CA; JOHN GUARAGNA, Austin, TX; JAMES M. HEINTZ, Reston, VA.

MITCHELL G. STOCKWELL, Kilpatrick Townsend & Stockton LLP, Atlanta, GA, for appellees Ingenio, Inc., Yellowpages.com, LLC. Also represented by DAVID CLAY HOLLOWAY, LINDSAY M. HOPKINS.

NATHAN K. KELLEY, Office of the Solicitor, United States Patent and Trademark Office, Alexandria, VA, for intervenor Michelle K. Lee. Also represented by MARY L. KELLY, THOMAS W. KRAUSE, SCOTT WEIDENFELLER.

---

Before O'MALLEY, TARANTO, *Circuit Judges,* and STARK, *District Judge.*\*

PER CURIAM.

Appellant Click-to-Call Technologies, LP ("CTC") appeals from the final written decision of the Patent Trial and Appeal Board ("the Board") on patentability in an inter partes review ("IPR") proceeding. *Oracle Corp. v. Click-to-Call Techs. LP*, No. IPR2013-00312, 2014 Pat. App. LEXIS 8333, (P.T.A.B. Oct. 28, 2014). In its appeal, CTC seeks review of the Board's initial decision to institute IPR. Specifically, CTC argues that the IPR proceedings should have been barred by 35 U.S.C. § 315(b), which provides that an "inter parties review may not be instituted if the petition requesting the proceeding is filed more than 1 year after the date on which the petitioner . . . is served with a complaint alleging infringement of the patent." 35 U.S.C. § 315(b).

---

\*    The Honorable Leonard P. Stark, Chief District Judge, United States District Court for the District of Delaware, sitting by designation.

While this appeal was pending, we issued a decision in *Achates Reference Publishing, Inc. v. Apple Inc.*, No. 14-1767, 2015 U.S. App. LEXIS 17183 (Fed. Cir. Sept. 30, 2015), dismissing the patent owner's appeals for lack of jurisdiction on grounds that the Board's decisions to institute IPRs were "final and nonappealable under 35 U.S.C. § 314(d)." *Id.* at *2. There, as here, the patent owner argued that the Board should not have instituted IPRs because the petitions were time-barred under § 315(b). We explained that § 314(d) barred review of the Board's decision to institute because, among other things, "the § 315(b) time bar does not impact the Board's authority to invalidate a patent claim—it only bars particular petitioners from challenging the claim." *Id.* at *13. "The Board may still invalidate a claim challenged in a time-barred petition via a properly-filed petition from another petitioner." *Id.* We concluded that § 314(d) "prohibits this court from reviewing the Board's determination to initiate IPR proceedings based on its assessment of the time-bar of § 315(b), even if such assessment is reconsidered during the merits phase of proceedings and restated as part of the Board's final written decision." *Id.* at *16.

Prior to argument in this case, Oracle Corporation and Oracle OTC Subsidiary LLC (collectively, "Oracle") submitted a Rule 28(j) letter to the court arguing that *Achates* mandates dismissal of CTC's IPR appeal for lack of appellate jurisdiction. According to Oracle, because CTC makes the same jurisdictional arguments we rejected in *Achates*, we should likewise dismiss this appeal for lack of jurisdiction.

CTC responds that: (1) this court has "recognized a party's ability to obtain judicial review when the Board violates a clear statutory mandate"; and (2) it petitioned for mandamus relief under 28 U.S.C. § 1651, which also permits review. Resp. to Rule 28(j) Citation of Suppl. Authority at 1-2, *Click-to-Call Techs., LP v. Oracle, Corp.*, No. 15-1242 (Fed. Cir. Oct. 19, 2015), ECF No. 64. As

explained below, we conclude that dismissal is warranted.[1]

First, CTC is correct that courts have recognized "an implicit and narrow exception" to statutory bars on judicial review for "claims that the agency exceeded the scope of its delegated authority or violated a clear statutory mandate." *Achates*, 2015 U.S. App. LEXIS 17183 at *16 (citations and quotation marks omitted). As we explained in *Achates*, however, "statutory interpretation disputes fall outside this exception for *ultra vires* agency action, and [o]nly the egregious error melds the agency's decision into justiciability." *Id.* at *16-17 (citations and quotation marks omitted). As noted, this appeal—like *Achates*—involves a § 315(b) challenge to an IPR institution decision. Because CTC's challenge amounts to a "statutory interpretation dispute," dismissal is appropriate. *See id.* (concluding that "the Board's institution decision does not violate a clear statutory mandate").

Second, although CTC claims that it has petitioned for mandamus relief, there is no mandamus petition pending before us. There are three conditions that must be met before a writ of mandamus can issue: (1) the petitioner must "have no other adequate means to attain" the desired relief;" (2) the petitioner must demonstrate a "clear and indisputable" right to the writ; and (3) the court "must be satisfied that the writ is appropriate under the circumstances." *Cheney v. United States Dist. Court*, 542 U.S. 367, 380-81 (2004) (internal citations and quotation marks omitted). In its reply brief, CTC argues in the alternative that it "has a clear and indisputable right to

---

[1]    Given the parties' Rule 28(j) submissions, we sua sponte removed this case from the November 2015 argument calendar and decided to treat it as submitted on the briefs filed, including the parties' supplemental submissions.

issuance of a writ of mandamus because the Board ignored the plain language of § 315(b) by exercising jurisdiction over this case." Appellant Reply Br. 11. We conclude that CTC's cursory allegations in the alternative are insufficient to permit the court to meaningfully consider the issue at this time.

For the foregoing reasons, we dismiss CTC's appeal for lack of jurisdiction.

## DISMISSED